ZHENHUA JIN, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 06–74141.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2009.*

Filed March 31, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Daniel K.Y. Fong, Law Offices of Daniel K.Y. Fong, Monterey Park, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Michael McNulty, DOJ–U.S. Department of Justice, Environmental Enforcement Section, Washington, DC, for Respondent.

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

## MEMORANDUM **

Zhenhua Jin, a native and citizen of China, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence, *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004), and we dismiss in part and deny in part the petition for review.

 We lack jurisdiction to review the determination that Jin's application for asylum was untimely because Jin's arrival date is an issue of disputed fact. *See* 8 U.S.C. § 1158(a)(3); *cf. Ramadan v. Gonzales*, 479 F.3d 646, 657 (9th Cir.2007) (per curiam).

■ Substantial evidence supports the IJ's adverse credibility finding because Jin was unable to explain discrepancies between her testimony and asylum declaration regarding her employment at the time of her arrest, and these discrepancies go to the heart of her claim. *See Kohli v. Gonzales*, 473 F.3d 1061, 1070–71 (9th Cir. 2007); *Li*, 378 F.3d at 962. Moreover, because the IJ had reason to question Jin's credibility, the IJ reasonably took into account Jin's failure to provide corroborating evidence in support of her claim of persecution. *See Li*, 378 F.3d at 964. Any error by the IJ in rejecting several of Jin's proffered documents on the basis of lack of authentication, *see Wang v. INS*, 352 F.3d 1250, 1254 (9th Cir.2003), was harmless because the IJ identified additional grounds underlying the negative credibility finding which are supported by substan-

tial evidence and go to the heart of Jin's claim of persecution, *see Li*, 378 F.3d at 964 (stating that so long as one identified ground is supported by substantial evidence and goes to the heart of the claim, the court is bound to accept the IJ's adverse credibility finding). Thus, Jin's claim for withholding of removal fails.

Because Jin's CAT claim is based on the same testimony the IJ found to be not credible, and Jin points to no other evidence the IJ should have considered, she has failed to establish eligibility for CAT relief. *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir.2003).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

